UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WAYNE RICKETTS, | No. 2:14-cv-1717 KJM CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RAFAEL ZUNIGA, | |
| Respondent. | |

Petitioner, a federal prisoner housed at FCI Herlong, has filed a document challenging his 1989 conviction in the United States District Court for the Northern District of Georgia for conspiracy to manufacture methamphetamine. This is petitioner's fourth such challenge filed in this court; 2:11-cv-0261 EFB P, 2:11-cv-3160 DAD P, 2:13-cv-1496 AC P.

Challenges to convictions by federal prisoners must generally be brought in the court where they were convicted. See 28 U.S.C. § 2255(a); Lorensten v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). The Ninth Circuit has held that a federal prisoner could proceed with an application for writ of habeas corpus under 28 U.S.C. § 2241 in the district of confinement if he: 1) makes a claim of actual innocence; and 2) has not had an "unobstructed procedural shot" at presenting that claim. Alaimalo v. U.S., 645 F.3d 1042, 1047 (9th Cir. 2011). Petitioner's assertion that his conviction is invalid is based upon statutory interpretation, not newly discovered evidence, and petitioner fails to show that he was precluded in any way from presenting his arguments on direct

1

appeal.  While petitioner argues that at a ruling by the Middle District of Pennsylvania, <u>U.S. v. Conn</u>, 907 F. Supp. 832 (M.D. Pa., 1995), issued after petitioner appealed supports petitioner's legal interpretation, this alone does not provide a basis for this court to find that petitioner was somehow precluded from presenting his claims on direct appeal in the Eleventh Circuit, or in a motion filed pursuant to 28 U.S.C. § 2255.

In accordance with the above, IT IS HEREBY RECOMMENDED that the document filed by petitioner on July 22, 2014 titled "Successive Petition § 2241 Habeas Corpus" be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 12, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rick1717.frs

2